

Order Filed on
**09/28/2010**
by Clerk U.S. Bankruptcy
Court District of New Jersey

**TRENK, DiPASQUALE, WEBSTER,
DELLA FERA & SODONO, P.C.**
347 Mount Pleasant Avenue, Suite 300
West Orange, New Jersey 07052
(973) 243-8600
Richard D. Trenk (RT 6874)
*Attorneys for Debtor-in-Possession*

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| INTERAQT CORPORATION,<br>d/b/a COLOTRAQ, | Case No. 10-31401(NLW) |
| Debtor. | Honorable Novalyn L. Winfield |
| | Hearing Date: September 28, 2010 |
| | Hearing Time: 11:00 a.m. |

ORDER FINALLY APPROVING DISCLOSURE STATEMENT AND
## ORDER CONFIRMING DEBTOR'S
## <u>CHAPTER 11 PLAN OF REORGANIZATION</u>

The relief set forth on the following pages, numbered two (2) through eight (8), is hereby

**ORDERED**.

**DATED: 09/28/2010**

_____
Honorable Novalyn L. Winfield
United States Bankruptcy Judge

Interaqt Corporation, d/b/a Colotraq, the above-captioned Debtor and Debtor-in-Possession (the "Debtor"), by and through its attorneys, Trenk, DiPasquale, Webster, Della Fera & Sodono, P.C., having filed with the Court its Plan of Reorganization (the "Plan") under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"); and a hearing having been held before this Court on notice to all creditors and other parties-in-interest in this case to consider the adequacy of the Disclosure Statement describing the Plan (the "Disclosure Statement"); and the Disclosure Statement having been conditionally approved by Order of this Court filed on August 24, 2010 (the "Disclosure Statement Approval Order"); and due notice of the hearing to consider confirmation of the Plan ("Confirmation Hearing") having been given in accordance with the terms of the Disclosure Statement Approval Order; and the solicitation of acceptances or rejections of the Plan having been made in the manner required by this Court and by law; and a Confirmation Hearing having been held before the Court on September 28, 2010; and upon the entire record of this case, the arguments of counsel for the Debtor, Richard D. Trenk, Esq. appearing, and the evidence presented at the Confirmation Hearing, including the Certification of Dany Bouchedid in support of confirmation of the Plan and the Certification of Richard D. Trenk continuing a tabulation of the ballots cast in favor of and in opposition to the Plan (the "Ballots"); and after due deliberation and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED**, that:

1.      The Plan complies with the applicable provisions of the Bankruptcy Code.

1a      The Disclosure Statement contains adequate information enabling creditors to vote.

2.      The Plan proponent has complied with all applicable provisions of the Bankruptcy Code.

3.      The classification of Claims and Interests under the Plan is consistent with Section 1122 of the Bankruptcy Code.

*Approved by Judge Novalyn L. Winfield September  28, 2010*

| Debtor: | Interaqt Corporation, d/b/a Colotraq |
|---|---|
| Case No.: | 10-31401 (NLW) |
| Caption of Order: | Order Confirming Debtor's Chapter 11 Plan of Reorganization |

4.      The Plan specifies the classes of Claims or Interests not impaired under the Plan.

5.      The Plan specifies the classes of Claims or Interests impaired under the Plan and specifies the treatment of Claims or Interests in such classes.

6.      The Plan provides the same treatment for each Claim or Interest of a particular class.

7.      The Plan provides adequate means for the execution and implementation of the Plan.

8.      The Plan has been proposed in good faith and not by any means forbidden by law.

9.      Any payments made or promised by the Debtor or any person issuing securities or acquiring property under the Plan, for services or for costs and expenses in or in connection with this Chapter 11 case, or in connection with the Plan and incident to this case, have been disclosed to and approved by this Court, as being reasonable or, if such payment is to be fixed after confirmation of the Plan, such payment is subject to approval of the Court as reasonable.

10.     The proponent of the Plan has disclosed the identity of any insider that will be employed or retained by the Reorganized Debtor (the "Reorganized Debtor"), and the nature of any compensation for such insider.

11.     Notwithstanding anything to the contrary in the Plan, after confirmation of the Plan, the Reorganized Debtor shall serve as Disbursing Agent, and has agreed to perform all of the duties of Disbursing Agent under the Plan, and consented to the jurisdiction of this Court in respect of all matters relating to the performance of such duties.

*Approved by Judge Novalyn L. Winfield September  28, 2010*

(Page 4)

| | |
|---|---|
| Debtor: | Interaqt Corporation, d/b/a Colotraq |
| Case No.: | 10-31401 (NLW) |
| Caption of Order: | Order Confirming Debtor's Chapter 11 Plan of Reorganization |

12.     The procedures by way which the Ballots were distributed and tabulated were fair, properly conducted, and complied with the prior Orders of this Court.

13.     With respect to each class of Claims or Interests under the Plan, each class either is unimpaired under the Plan or has duly accepted the Plan, or has been deemed to have accepted the Plan.

14.     The treatment of Claims under the Plan of the type specified in Section 507(a) of the Bankruptcy Code complies with the provisions of Section 1129(a)(9)(A) of the Bankruptcy Code.

15.     With respect to those impaired classes of Claims under the Plan, at least one (1) impaired class of Claims has accepted the Plan, determined without including any acceptance of the Plan by an insider.  Specifically, Class One has voted affirmatively to accept the Plan.

16.     The Plan is feasible.  The Debtor will be able and has demonstrated its ability to meet its financial obligations under the Plan.  Confirmation and consummation of the Plan will not be followed by the need for further financial reorganization of the Debtor or the Reorganized Debtor.

17.     All fees payable under Section 1930 of title 28 of the United States Code have been paid or the Plan provides for the payment of all such fees on the Effective Date or as soon as practicable thereafter.

18.     There is no need for approval of rate changes by any governmental unit.

19.     Based upon the liquidation analysis, creditors will receive no less under the Plan than they would in a liquidation.

*Approved by Judge Novalyn L. Winfield September  28, 2010*

Debtor:          Interaqt Corporation, d/b/a Colotraq

Case No.:        10-31401 (NLW)

Caption of Order:   Order Confirming Debtor's Chapter 11 Plan of Reorganization

---

20.     The service of notice of the Confirmation Hearing and the solicitation of acceptance and rejections to the Plan were appropriate and satisfactory based upon the circumstances of the Debtor 's Chapter 11 case and are in compliance with the provisions of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure.

21.     The Debtor and the Reorganized Debtor retain the right to object to Claims after the Confirmation Date in accordance with the Plan.

22.     Pursuant to the Disclosure Statement, all causes of action of any kind or nature, vested in the Debtor prior to the effective date of the plan, including without limitation, claims against third parties pursuant to (i) Section 544 through 550 of the Bankruptcy Code and (ii) any other theory of law whether statutory or common law (collectively, the "Causes of Action"), shall upon the Effective Date of the Plan be held by the Reorganized Debtor.

Based upon the above-referenced findings of fact; and good and sufficient cause appearing therefor,

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED THAT**:

1.     The Plan be and is hereby confirmed.
    1a     Final approval of the Disclosure Statement is granted.

2.     The Stipulation of Settlement concerning Bank of America's Secured Claim treated in Class One of the Plan be and is hereby approved in all respects. Docket Entry No. 83.

3.     The Amendment to the Plan concerning the State of New Jersey Division of Taxation Allowed Priority Tax Claim be and is hereby approved in all respects. Docket Entry No. 90.

*Approved by Judge Novalyn L. Winfield September 28, 2010*

| Debtor: | Interaqt Corporation, d/b/a Colotraq |
|---|---|
| Case No.: | 10-31401 (NLW) |
| Caption of Order: | Order Confirming Debtor's Chapter 11 Plan of Reorganization |

4.    Objections to confirmation of the Plan be and are hereby overruled in their entirety.

5.    The Debtor and, after the Effective Date, the Reorganized Debtor, is hereby authorized and empowered to issue, execute, deliver, file or record any document, and to take any action necessary or appropriate to implement, effectuate and consummate the Plan in accordance with its terms, including, without limitation, any release, settlement agreement, loan document, whether or not specifically referred to in the Plan and without further application to or order of this Court.

6.    The Reorganized Debtor is hereby approved as Disbursing Agent under the Plan.

7.    The Plan and its provisions shall be binding upon the Debtor, the Reorganized Debtor, any entity acquiring property under the Plan, and holders of Claims against or Interests in the Debtor, whether or not the Claims or Interests of such creditors or interest holders or obligations of any parties-in-interest are impaired under the Plan and whether or not such creditors, interest holders or parties-in-interest have voted, or are deemed to have voted, for or against the Plan.

8.    The Debtor and the Reorganized Debtor be, and are hereby authorized, and empowered to take any action and to execute, deliver and file in all courts all documents and instruments necessary or appropriate to enforce all causes of action, claims and rights of the Debtor or the Reorganized Debtor.

9.    Each holder of an Administrative Claim shall be paid or has been paid in accordance with the Plan or the agreement reached between the parties.

*Approved by Judge Novalyn L. Winfield September  28, 2010*

| | |
|---|---|
| Debtor: | Interaqt Corporation, d/b/a Colotraq |
| Case No.: | 10-31401 (NLW) |
| Caption of Order: | Order Confirming Debtor's Chapter 11 Plan of Reorganization |

10.     Except as otherwise provided in the Plan, the Debtor, the Debtor-in-Possession and the Debtor's Estate, and all Claims against or Interests in the Debtor, the Debtor-in-Possession and the Reorganized Debtor (whether known or unknown) are hereby satisfied, discharged and released to the fullest extent permitted by law and pursuant to 11 U.S.C. §1141(d)(1) of the Bankruptcy Code.

11.     Except as otherwise provided in the Plan, upon the Confirmation Date, title to all assets and properties of the Estate shall automatically, and without the need to execute any additional documents, vest in the Reorganized Debtor in accordance with 11 U.S.C. §1141 of the Bankruptcy Code, free and clear of all Claims, and Interests including, without limitation, all construction liens, notices of intention, lien claims, stop notices, or other statutory liens filed against the Debtor and Debtor-in-Possession or its properties.  The Confirmation Order shall act to discharge and release all such statutory liens without the need for the Debtor and Debtor-in-Possession or holders of the statutory lien to file any further documents.  The Confirmation Order may but need not be filed in the appropriate recording offices as evidence of the Reorganized Debtor's ownership of all property of the Debtor's estate.

12.     All creditors and interest holders of the Debtor, Debtor-in-Possession, or other entities whose Claims are discharged or whose Interests are terminated by the Plan and this Order are hereby jointly and severally restrained and enjoined from:

a.     Commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding (including without limitation any proceeding in a judicial, arbitrable, administrative or other forum) against or affecting the

Debtor:                 Interaqt Corporation, d/b/a Colotraq

Case No.:               10-31401 (NLW)

Caption of Order:       Order Confirming Debtor's Chapter 11 Plan of Reorganization

Debtor, Debtor-in-Possession or the Reorganized Debtor, its employees or partners, with respect to any property of any of the foregoing or any direct or indirect transferee of any property of, or direct or indirect successor in addition in interest to, any of the foregoing, any or all property of any such transferee or successor except as specifically authorized in the Plan;

b.      Enforcing, levying, attaching (including, without limitation, any pre-judgment attachment), collecting or otherwise recovering by any means or in any manner, whether directly or indirectly any judgment, award, decree or other order against the Debtor, Debtor-in-Possession or the Reorganized Debtor, with respect to any property of any of the foregoing, or any property of any such transferee or successor except as specifically authorized under the Plan;

c.      Creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any Liens or encumbrances against the Debtor, Debtor-in-Possession or the Reorganized Debtor with respect to any property of any of the foregoing or any direct or indirect transferee, of the property of, or direct or indirect successor in interest to, any of the foregoing or any property of any such transferee or successor except as specifically authorized in the Plan;

d.      Setting off, seeking reimbursement or contribution from or subrogation against or otherwise recouping in any manner, directly or indirectly, any amount against any liability owed to the Debtor, Debtor-in-Possession or the Reorganized Debtor, or any

(Page 9)

| | |
|---|---|
| Debtor: | Interaqt Corporation, d/b/a Colotraq |
| Case No.: | 10-31401 (NLW) |
| Caption of Order: | Order Confirming Debtor's Chapter 11 Plan of Reorganization |

direct or indirect transferee of any property of, or successor in interest to, any of the foregoing except as specifically authorized in the Plan; or

  e. Proceeding in any manner in any place with regard to liquidating any Claim in any forum other than United States Bankruptcy Court for the District of New Jersey or if that Court does not have jurisdiction thereon, the United States District Court for the District of New Jersey, or in such forum deemed appropriate by the Reorganized Debtor.

  f. Such persons are also hereby enjoined from seeking payment of any liquidated amounts and any assets of the Debtor, Debtor-in-Possession or the Reorganized Debtor.

  g. Such Persons are also enjoined from seeking recovery of punitive damages from the Debtor, Debtor-in-Possession or Reorganized Debtor any insurance provider with respect to the insurance covering the Debtor, Debtor-in-Possession or the Reorganized Debtor, except as specifically authorized in the Plan.

13. The Court shall retain jurisdiction over the Debtor's Chapter 11 case in accordance with the Plan and Section 1142 of the Bankruptcy Code.

F:\WPDOCS\A-M\Colotraq\Order - Confirmation.doc

*Approved by Judge Novalyn L. Winfield September 28, 2010*