**TRENK, DiPASQUALE, WEBSTER,**
**DELLA FERA & SODONO, P.C.**
347 Mount Pleasant Avenue, Suite 300
West Orange, New Jersey 07052
(973) 243-8600
Richard D. Trenk (RT 6874)
*Attorneys for Reorganized Debtor*
*Interaqt Corporation d/b/a Colotraq*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| INTERAQT CORPORATION d/b/a COLOTRAQ, | Case No. 10-31401(NLW) |
| | Honorable Novalyn L. Winfield |
| Reorganized Debtor. | Hearing Date: December 20, 2010 |
| | Hearing Time: 10:00 a.m. |

**REORGANIZED DEBTOR'S APPLICATION IN SUPPORT OF MOTION TO CLOSE CASE PURSUANT TO 11 U.S.C. § 350 AND FED. R. BANKR. P. 3022**

TO:   HONORABLE NOVALYN L. WINFIELD
      UNITED STATES BANKRUPTCY JUDGE

The Application of Interaqt Corporation d/b/a Colotraq (the "Reorganized Debtor"), in support of its motion to close its chapter 11 case pursuant to 11 U.S.C. § 350 and Fed. Bankr. P. 3022 (the "Motion"), by and through its counsel, Trenk, DiPasquale, Webster, Della Fera & Sodono, P.C., respectfully states and alleges as follows:

**JURISDICTION AND VENUE**

1.   This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334(b). Furthermore, this matter is a "core proceeding" pursuant to 28 U.S.C. §157(b)(2)(A), (N), and (O).

2. Venue of this case properly lies in this Court pursuant to 28 U.S.C. §1409 in that this matter arises in and relates to a case pending in this District.

## BACKGROUND

3. On July 13, 2010 (the "Petition Date"), Reorganized Debtor filed a voluntary petition for relief (the "Petition") under Chapter 11 of Title 11 of the United States Bankruptcy Code, 11 U.S.C. § 101, et seq. (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey. Docket Entry No. 1.

4. On August 16, 2010, Reorganized Debtor filed its Disclosure Statement (the "Disclosure Statement"). Docket Entry No. 37.

5. On August 16, 2010, Reorganized Debtor filed its Chapter 11 Plan of Reorganization (the "Plan"). Docket Entry No. 38.

6. On September 28, 2010, this Court conducted a hearing to consider the confirmation of the Plan.

7. On September 28, 2010, this Court entered an Order (i) confirming the Plan and (2) determining that the Disclosure Statement contained adequate information. Docket Entry No. 93.

8. The Effective Date was on or about November 1, 2010. The Plan provides for monthly payments to secured creditor Bank of America and quarterly payments to unsecured creditors.

## RELIEF REQUESTED AND REASONS THEREFOR

9. The Reorganized Debtor hereby seeks to close its Chapter 11 case. Pursuant to 11 U.S.C. § 350(a), "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." Also, Fed. R. Bankr. P. 3022 provides that "[a]fter an estate is

fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case."

10. "Fully administered" means that at a minimum, administrative claims have been provided for, and that there are no outstanding motions, contested matters, or adversary proceedings. *In re Kliegl Bros.*, 238 B.R. 531, 541-42 (Bankr. E.D.N.Y. 1999). Further, entry of the final decree should not be delayed because all payments under the plan have not been made or because a party may wish to invoke the court's jurisdiction in the future. *In re Jordan Mfg. Co.*, 138 B.R. 30, 35 (Bankr. C.D. Ill. 1992).

11. The Advisory Committee Notes from the 1991 Amendment to Fed. R. Bankr. P. provide that:

> Entry of a final decree closing a chapter 11 case should not be delayed solely because the payments required by the plan have not been completed. Factors that the court should consider in determining whether the estate has been fully administered include (1) whether the order confirming the plan has become final, (2) whether deposits required by the plan have been distributed, (3) whether the property proposed by the plan to be transferred has been transferred, (4) whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan, (5) whether payments under the plan have commenced, and (6) whether all motions, contested matters, and adversary proceedings have been finally resolved.

12. On or before the return date of this Motion, the Reorganized Debtor's case will be "fully administered," since there will be no outstanding motions, contested matters, or adversary proceedings pending; and the order confirming the Plan has become final.

13. Payments have commenced under the Plan. The Reorganized Debtor has made payment arrangements for administrative claims. Thus, the only remaining tasks on the date that the case is closed will be to continue making regular monthly payments to secured creditor, Bank of America, and to make quarterly payments to unsecured creditors.

**WHEREFORE**, the Reorganized Debtor respectfully requests the Court enter an Order closing its chapter 11 case.

                                          **TRENK, DIPASQUALE, WEBSTER,
DELLA FERA & SODONO, P.C.**
*Attorneys for Reorganized Debtor
Interaqt Corporation d/b/a Colotraq*

By:   /s/ Richard D. Trenk
       RICHARD D. TRENK

Dated: November 24, 2010

F:\WPDOCS\A-M\Colotraq\CloseApp.doc